UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
DANIELLE LENZI,

                Plaintiff,

      v.

SYSTEMAX, INC., RICHARD LEEDS, Chairman and
CEO (and in his individual capacity) and

LAWRENCE P. REINHOLD, Executive Vice-President
and Chief Financial Officer (and in his individual
capacity),

                Defendants,
---------------------------------------------------------------------x

**COMPLAINT**

**JURY TRIAL DEMANDED**

Docket No.14-cv-7509

Plaintiff, Danielle Lenzi ("Plaintiff"), by and through her attorneys, Valli Kane & Vagnini LLP, hereby alleges violations of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) *et seq.* ("Equal Pay Act") and New York State Labor Law § 190 *et seq.* and § 200 *et seq.* ("NYS Labor Law") as against Systemax, Inc. ("Systemax"), Richard Leeds ("Leeds") and Lawrence Reinhold ("Reinhold")(collectively known as "Defendants").

### INTRODUCTION

1. This is an action brought by Plaintiff challenging acts of discrimination and retaliation committed by Defendants against Plaintiff in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) *et seq.* ("Equal Pay Act") and New York State Labor Law § 190 et seq. and § 200 *et seq.* ("NYLL").

1

2. Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and other appropriate legal and equitable relief pursuant to the Equal Pay Act and NYLL.

**JURISDICTION AND VENUE**

3. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, pursuant to 29 U.S.C. § 206(d) under the Equal Pay Act, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 et. seq.

4. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 (a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

**ADMINISTRATIVE REQUIREMENTS**

6. Plaintiff will serve a copy of this Complaint upon the Attorney General of the State of New York pursuant to NYLL§ 215-2.

## **PARTIES**

7. Plaintiff Danielle Lenzi ("Plaintiff"), is a person who has been aggrieved by Defendants' actions. She is a former employee of Defendants who resides in Suffolk County, New York.

8. At all relevant times herein, Plaintiff was an "employee" within the meaning of the Equal Pay Act and NYLL.

9. Defendant Systemax, Inc. ("Systemax") is a Delaware corporation registered and existing in the State of New York, maintaining its headquarters at 11 Harbor Park Drive, Port Washington, New York 11050.

10. Upon information and belief, Systemax is an employer within the meaning of the Equal Pay Act and NYLL.

11. Upon information and belief, Defendant Richard Leeds ("Leeds") resides in Florida. Defendant Leeds is the Chairman and Chief Executive Officer of Systemax.

12. Upon information and belief, Defendant Lawrence Reinhold ("Reinhold") is a citizen of New York and resides in Jericho, New York. Defendant Reinhold is the Executive Vice-President and Chief Financial Officer of Systemax.

13. Each Defendant is an employer within the meaning of the Equal Pay Act which employs the same definitions as under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(d).

14. Each Defendant is an employer within the meaning of §190(3) of the New York Labor Law.

15. The Defendants all jointly employed Plaintiff.

## STATEMENT OF FACTS

16. Plaintiff Danielle Lenzi began her employment at Systemax starting in February 2008.

17. Systemax is a business that retails and private labels certain consumer electronics and industrial products.

18. As a result of her exceptional performance, in January 2011, Ms. Lenzi was promoted to be the Vice President of Risk Management and Product Compliance.

19. Ms. Lenzi became the only female member of the company's Executive Management Team.

20. Ms. Lenzi's responsibilities included managing product compliance, managing safety and OSHA compliance worldwide, managing an insurance portfolio of over ½ billion dollars in limits, managing insurance losses, and private label vetting.

21. Ms. Lenzi performed at an exceptionally high level which was documented in her performance reviews, and her work resulted in the company's recoupment of over $ 20 million from various insurance companies.

22. However, starting in January 2011, Ms. Lenzi was compensated less than similarly situated male individuals who headed other corporate departments such as Ben White, Tom Axmacher, Bob Baker, Curt Rush and Alan Schaeffer.

23. In January 2013, Ms. Lenzi complained to Mr. Reinhold that her compensation was not commensurate to that of her executive peer group who were all males.

24. Ms. Lenzi also complained that she was the only parent company Vice President who was not an "Executive Officer" while the other parent company Vice Presidents who were all males were afforded that title.

25. In January 2013, Mr. Reinhold responded that he would address these issues with Ms. Lenzi but never did.

26. On or about March 29, 2013, Ms. Lenzi complained to Mr. Leeds that she was being paid less than her similarly situated male peers on the Executive Management Team and that she was unfairly being denied "Executive Officer" status which was given to her male executive counterparts.

27. In her March 29, 2013 complaint, Ms. Lenzi identified the following similarly situated male peers who were compensated more than her: Ben White, Tom Axmacher, and Curt Rush.

28. In response and in retaliation to Ms. Lenzi's complaints, on or about April 9, 2013, Defendants demoted Ms. Lenzi and subjected her to strict and specific restrictions regarding her work hours to which her male executive peers were not subject.

29. In June 2013, Defendants' retaliation of Ms. Lenzi continued when she was subjected to a purported internal audit of allegedly personal expenses listed on a business expense report from an April 2013 Risk and Insurance Management Society ("RIMS") Conference trip.

30. Defendants subjected Ms. Lenzi to an internal audit even though Mr. Reinhold had already directly and personally approved Ms. Lenzi's trip itinerary prior to Ms. Lenzi's March 29, 2013 complaint.

31. Nevertheless, Ms. Lenzi agreed to personally pay the disputed expenses.

5

32. Despite Ms. Lenzi's agreement to pay the disputed expenses, on June 19, 2013 and June 20, 2013, Defendants continued to retaliate against Ms. Lenzi by subjecting her to a prolonged interrogation at the conclusion of which, Ms. Lenzi was told to resign.

33. Ms. Lenzi refused to resign, and on June 21, 2013, Defendants continued their retaliation against her by placing her on administrative leave.

34. On June 24, 2013, Ms. Lenzi complained to Systemax's Human Resources that the Defendants' actions were "retaliatory in nature."

35. On June 26, 2013, Defendants further retaliated against Ms. Lenzi by terminating her employment.

36. Throughout her period of employment, including her tenure as Vice President, Ms. Lenzi's work performance was exceptional, and exceeded the performance of her similarly situated male executive peers.

37. Yet as Vice President, Ms. Lenzi was discriminated against by receiving less compensation then her male executive peers, including but not limited to lesser salary, lesser bonus amounts and other forms of compensation.

38. When Ms. Lenzi complained about being paid less than her similarly situated male executive peers, she was subjected to retaliation, including but not limited to demotion, being subject to strict restrictions on work hours and leave to which her male executive peers were not subject, being subject to an internal audit, being placed on administrative leave, and termination.

39. Separately, Ms. Lenzi has a pending charge before the Equal Employment Opportunity Commission alleging that Defendants discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964.

## AND AS FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Pay Discrimination - Equal Pay Act, 29 U.S.C. § 206(d))

40. Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

41. Defendants discriminated against Plaintiff within the meaning of the Equal Pay Act by providing her with lower pay and other forms of compensation than similarly situated male colleagues on the basis of her gender even though Plaintiff performed similar duties requiring the same skill, effort and responsibility as her similarly situated male colleagues.

42. Plaintiff and similarly situated male employees all performed similar job duties and functions as Vice Presidents and/or members of the company's Executive Management Team. Plaintiff and similarly situated male colleagues all performed jobs that required equal skill, effort, and responsibility, and are or were performing under similar working conditions.

43. Defendants discriminated against Plaintiff by subjecting her to discriminatory pay, discriminatory denial of bonuses and other compensation incentives, discriminatory denial of promotions and/or titles, and other forms of discrimination in compensation in violation of the Equal Pay Act.

44. The differential in pay between Plaintiff and her male colleagues was not due to seniority, merit, quantity or quality of production, or a factor other than sex. Rather, the differential in pay was due to Plaintiff's gender.

45. Defendants caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on gender in violation of the Equal Pay Act.

46. Defendants' actions were not done in good faith nor did they have any reasonable grounds for believing that their acts or omissions were not a violation of the Fair Labor Standards Act.

47. As a result, Plaintiff is entitled to liquidated damages.

48. Defendants' foregoing conduct also constitutes a willful violation of the Equal Pay Act within the meaning of 29 U.S.C. § 255(a). Because Defendants have willfully violated the Equal Pay Act, a three-year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255(a).

49. As a result, Plaintiff has suffered and continues to suffer damages and harm, including but not limited to lost wages and lost earning capacity.

## AND AS FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Retaliation – Equal Pay Act, 29 U.S.C. § 215(a))

50. Plaintiff repeats and realleges the allegations contained in paragraphs above, as if fully set forth herein.

51. In January 2013 and on or about March 29, 2013, Plaintiff complained to Defendants about their failure to pay her equal wages.

52. In response, Defendants retaliated against Plaintiff by subjecting her to demotion, strict restrictions on work hours and leave to which her male executive peers were not subject, an internal audit, being placed on administrative leave, and termination.

53. As a result, Plaintiff has suffered and continues to suffer damages and harm, including but not limited to lost wages, lost earning capacity, and emotional distress.

## AND AS FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (Pay Discrimination – New York State Equal Pay Act, New York Labor Law § 194)

54. Plaintiff repeats and realleges the allegations contained in paragraphs above, as if fully set forth herein.

55. Plaintiff makes this claim under the New York State Equal Pay Act, NYLL §§ 194 *et seq*.

56. Defendants subjected Plaintiff to a discriminatory lower rate of pay, discriminatory denial of bonuses and other compensation incentives, discriminatory denial of promotions and/or titles, and other forms of discrimination relative to Plaintiff's similarly situated male colleagues.

57. Plaintiff and similarly situated male colleagues all performed jobs that required equal skill, effort, and responsibility, and are or were performing under similar working conditions.

58. Defendants' actions were not done in good faith.

59. As a result, Plaintiff is entitled to liquidated damages.

60. As a result, Plaintiff has suffered and continues to suffer damages and harm, including but not limited to lost wages and lost earning capacity.

## AND AS FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Retaliation – New York Labor Law § 215)

61. Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

62. Plaintiff made a complaint within the meaning and scope of Section 215 of the New York Labor Law when she complained in January 2013 and on or about March 29, 2013 to Defendants about her wages.

63. In response, Defendants retaliated against Plaintiff by subjecting her to demotion, strict restrictions on work hours and leave to which her male executive peers were not subject, an internal audit, being placed on administrative leave, and termination.

64. As a result, Plaintiff has suffered and continues to suffer damages and harm, including but not limited to lost wages, lost earning capacity, and emotional distress.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants and the following relief as follows:

1. A jury trial on these issues to determine liability and damages;

2. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

3. A judgment declaring that the practices complained of herein are unlawful and in violation ofEqual Pay Act, 29 U.S.C. § 206(d) and 29 U.S.C. § 215(a),and New York State Labor Law § 194 and § 215.

4. An award to the Plaintiff for the amount of unpaid wages, including interest thereon, and penalties subject to proof;

5. An award of liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b), NYLL §§ 198 and 663 and any other applicable statute, rule, or regulation, including the rules or regulations of the New York Commissioner of Labor.

6. All damages which Plaintiff sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

7. An award to Plaintiff of compensatory damages, including but not limited to damages for emotional pain and suffering;

8. An award to Plaintiff of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

9. An award of punitive damages;

10. Awarding Plaintiff her costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

11. Post-judgment interest, as provided by law; and

12. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated:  December 24, 2014
        Garden City, New York

                                       Respectfully Submitted,

                                       VALLI KANE & VAGNINI LLP

                                       */s/ Robert J. Valli, Jr.*
                                       ROBERT J. VALLI, JR.
                                       S. TITO SINHA
                                       *Attorneys for Plaintiff*
                                       600 Old Country Road, Suite 519
                                       Garden City, New York 11530
                                       516-203-7180