

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| ALBANY, NY | GRAND RAPIDS, MI | NAPA, CA | RALEIGH-DURHAM, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | SAINT LOUIS, MO |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | LONG ISLAND, NY | OVERLAND PARK, KS | SAN JUAN, PR |
| CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MILWAUKEE, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MINNEAPOLIS, MN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MORRISTOWN, NJ | PROVIDENCE, RI | |

MY DIRECT DIAL IS: 631-247-4629
MY EMAIL ADDRESS IS: MancherM@jacksonlewis.com

September 28, 2015

<u>VIA ECF</u>

Honorable Arlene R. Lindsay
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

       Re:    Lenzi v. Systemax, Inc., et al.
              <u>No.: 14-CV-7509 (SJF) (ARL)</u>

Dear Magistrate Judge Lindsay:

      We are counsel to Defendants in the above-referenced action. Defendants respectfully request the Court strike Plaintiff's Second Amended Complaint as procedurally defective because she failed to comply with Rule 15 of the Federal Rules of Civil Procedure.

      By way of background, Plaintiff filed a Complaint in this action on December 24, 2014 alleging Defendants failed to pay Plaintiff commensurate with her alleged male comparators, thereby discriminating against her on the basis of her gender and terminating her employment after she complained in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1), and the New York Labor Law ("NYLL"), N.Y. Labor Law § 194. See Docket Entry No. 1. Defendants timely served a motion to dismiss the Complaint on March 6, 2015. On March 26, 2015, Plaintiff filed an Amended Complaint including additional allegations, but identical causes of action, "[p]ursuant to FRCP Rule 15(a)(1)(B) as of [m]atter of [c]ourse [w]ithin 21 [d]ays after [s]ervice of a [m]otion under FRCP Rule 12(b)." See Docket Entry No. 13. Plaintiff's filing of the Amended Complaint effectively mooted Defendants' motion to dismiss the Complaint. Accordingly, Defendants withdrew their motion to dismiss the Complaint. See Docket Entry No. 15. Defendants thereafter timely served their motion to dismiss the Amended Complaint, which the fully briefed motion currently is pending before the Court.

      On September 25, 2015, Plaintiff filed a Second Amended Complaint, which includes the aforementioned causes of action, and added causes of action pursuant to Title VII, 42 U.S.C. §§ 2000e, et seq., the Pregnancy Discrimination Act, 42 U.S.C. §§ 290, et seq, the



Attorneys at Law

Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
September 28, 2015
Page 2

New York State Human Rights Law, N.Y. Executive Law § 290, et seq., the Consumer Product Safety Improvement Act, 15 U.S.C. §§ 2051, et seq., and the Sarbanes-Oxley Act, 18 U.S.C. §§ 15145A. At no point did Plaintiff secure Defendants' consent or seek leave of the Court to file her Second Amended Complaint as required by Rule 15.

Rule 15(a)(1) provides that a "party may amend its pleading **once** as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of a motion under Rule 12(b) . . . ." See FED. R. CIV. P. 15(a)(1) (emphasis supplied). If a party already has amended a pleading once as a matter of course, it must seek the "opposing party's written consent or the court's leave" for any further amendments. Id. 15(a)(2).

Plaintiff concedes she already filed an Amended Complaint once "as a matter of course," and is therefore aware of Rule 15's requirements. See Docket Entry No. 13. Accordingly, Plaintiff was required to secure Defendants' consent or leave of Court to file the Second Amended Complaint, yet failed to do so in contravention of Rule 15. Defendants do not consent at this time to the filing of Plaintiff's Second Amended Complaint.

Furthermore, currently pending before the Court is Defendants' motion to dismiss Plaintiff's EPA and NYLL claims as alleged in the Amended Complaint. Plaintiff's allegations in the Amended Complaint in support of those claims are not materially distinct when compared to the Second Amended Complaint. Rather than requiring Plaintiff to file a motion to amend the Amended Complaint at this time, Defendants respectfully request that any requests to amend the pleadings be held in abeyance until a decision is rendered on Defendants' motion to dismiss the Amended Complaint. Doing so may have the effect of paring Plaintiff's causes of action in any subsequent pleading given that the allegations supporting her EPA and NYLL claims are not materially distinct.

Therefore, Defendants respectfully request the Court strike Plaintiff's Second Amended Complaint, due to Plaintiff's failure to comply with Rule 15. Thank you for the Court's consideration of this request.

Very truly yours,

JACKSON LEWIS P.C.

/s/
Mark S. Mancher
Daniel Gomez-Sanchez

MSM/mjr
cc: Counsel of Record (via ECF)
Honorable Sandra J. Feuerstein (via ECF)

4852-9749-6105, v. 1