UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DANIELLE LENZI,

                        Plaintiff,                      **ORDER**
                                                                         CV 14-7509 (SJF)(ARL)

        -against-

SYSTEMAX, INC., et al.,

                        Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the Court is Plaintiff's motion to reopen discovery for the limited purposes of (i) permitting Plaintiff to depose Alan A. Nadel, the expert designated by Defendants, and (ii) permitting Plaintiff to designate a rebuttal expert and serve a rebuttal report.  ECF No. 77.  Defendants oppose the Plaintiff's motion in part.  ECF No. 79.  Defendants do not oppose conducting the deposition of Alan A. Nadel, but do oppose reopening discovery to permit Plaintiff to designate a rebuttal expert.  For the reasons that follow, Plaintiff's motion to reopen discovery for the limited purpose of designating a rebuttal expert is granted.

      Plaintiff filed this action alleging federal Equal Pay Act and state equal pay violations on September 24, 2014.  On May 29, 2015, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants moved to dismiss Plaintiff's Complaint.  While Defendants' motion was pending Plaintiff filed her Second Amended Complaint ("SAC") which Defendants moved to strike.  ECF Nos. 25, 26.  Shortly thereafter, Plaintiff also filed a separate action, Case No. 15-cv-5596, which included identical Title VII and pregnancy discrimination claims, but did not include her Equal Pay Act claims which Plaintiff sought motion to consolidate with this action.  ECF No. 27.  In an October 26, 2015 decision, Judge Feuerstein denied Defendants' Rule

12(b)(6) motion and motion to strike the SAC, and granted Plaintiff's consolidation motion. ECF No. 30.

Discovery in this matter closed on December 15, 2016.  ECF No. 51.  This matter was scheduled to begin jury selection on February 6, 2017, however, the parties jointly requested an adjournment of the trial date due to Plaintiff's medical condition and Defendants' desire to move for summary judgment.  On March 10, 2017, Defendants moved for summary judgment seeking a dismissal of Plaintiff's claims.  ECF No. 59.  By agreement of the parties, the deposition of Defendants' expert was postponed until a ruling on Defendants' motion for summary judgment.  *See* Declaration of Matthew L. Berman, former counsel for Plaintiff, dated June 1, 2020.  Judge Feuerstein granted Defendants' motion for summary judgment on March 9, 2019.  ECF No. 65.  Plaintiff appealed the dismissal to the Second Circuit and the dismissal was reversed, in part, in January 2020.  ECF No. 70.

Plaintiff's letter motion seeks the scheduling of the deposition of Defendants' expert as well as the reopening of discovery for the limited purpose of designating a rebuttal expert. Defendants agree to the deposition but oppose reopening discovery for purposes of the designation of Plaintiff's rebuttal expert.  "A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery."  *Spencer v. International Shoppes, Inc.*, No. CV 06-2637 (AKT), 2011 U.S. Dist. LEXIS 91281, 2011 WL 3625582, at *1 (E.D.N.Y. Aug. 16, 2011).  In considering a request to reopen discovery, courts examine "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in

2

light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Id.* In this case, the deadline for completing discovery expired in December 2016.

The Court concludes that under the factors described above Plaintiff has established good cause to reopen discovery. First, the trial of this matter is scheduled for May 2021 allowing ample time for the completion of limited expert discovery. Next, Defendants oppose Plaintiff's motion, asserting that Plaintiff "did not diligently attempt to obtain the discovery she now seeks while discovery was available and its need foreseeable; and (2) there was ample time to obtain that discovery." Def. Opp. at 1. Plaintiff argues that Defendants' opposition "is nothing more than gamesmanship that should not be condoned by the Court" because the "timing of Defendants' original disclosure was designed to make it impossible to depose Mr. Nadel and serve a rebuttal report before the previous cutoff date." Pl. Mot. at 3. Thus, Defendants' opposition is focused on the fourth element of the test enumerated above – Plaintiff's diligence.

Plaintiff here seeks to reopen discovery for purposes of designating a rebuttal expert. Pursuant to Rule 26(a)(1)(A), a party, without awaiting a discovery request, must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims and defenses." Fed. R. Civ. P. 26(a)(1)(A). In addition to these Initial Disclosures, a party must disclose to the identity of any expert witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(A). A party's expert disclosure must be accompanied by a written report prepared by the expert witness which contains, inter alia, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i).

Plaintiff here failed to properly designate a rebuttal expert within the time permitted. Plaintiff did not make any expert disclosures throughout the discovery period which closed on December 15, 2016. Rather, the first time Plaintiff sought to designate a rebuttal expert was in a letter addressed to Judge Feuerstein on June 2, 2020. However, "even if a party fails to adhere strictly to the disclosure requirements of Rule 26, imposing the sanction of precluding expert testimony is not required." *Harkabi v. SanDisk Corp.*, No. 08-CV-8203, 2012 U.S. Dist. LEXIS 92674, 2012 WL 2574717, at *4 (S.D.N.Y. June 20, 2012); *accord Lutes v. Kawasaki Motors Corp., USA*, No. 10-CV-1549, 2015 U.S. Dist. LEXIS 37532, 2015 WL 1395898, at *2 (D. Conn. Mar. 25, 2015). Exclusion of expert testimony is "a drastic remedy" and courts have recognized that "'precluding testimony of an expert, even when there has not been strict compliance with Rule 26, may at times tend to frustrate the Federal Rules' overarching objective of doing substantial justice to litigants.'" *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, No. 03-CV-1851, 2008 U.S. Dist. LEXIS 92703, 2008 WL 4911440, at *4 (E.D.N.Y. Nov. 13, 2008) (quoting *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 155 (S.D.N.Y. 2003)) (alteration omitted); *see also Lab Crafters, Inc. v. Flow Safe, Inc.,* No. 03-CV-4025, 2007 U.S. Dist. LEXIS 99079, 2007 WL 7034303, at *2 (E.D.N.Y. Oct. 26, 2007) ("Courts must be mindful since 'exclusion of expert testimony is a drastic remedy.'") (quoting *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.,* No. 94-CV-5587, 2002 U.S. Dist. LEXIS 23829, 2002 WL 31780188, at *3 (S.D.N.Y. Dec. 11, 2002)) (internal alteration and quotation marks omitted). Thus, the exclusion of expert testimony "should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure." *Giordano v. PGT Indus., Inc.,* No. 04-CV-9246, 2007 U.S. Dist. LEXIS 88016,

4

2007 WL 4233002, at *4 n.2 (S.D.N.Y. Nov. 30, 2007) (quoting *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y. 1995)) (quotation marks omitted).

Additionally, although Plaintiff failed to designate a rebuttal expert prior to the close of discovery Defendants did not submit their expert report until October 25, 2016, ten days before the close of discovery.  Soon thereafter the parties agreed to delay the deposition of Defendants' expert until after resolution of the pending motion for summary judgment in an effort to reduce costs in the event the motion was granted.  The motion to reopen discovery to designate the rebuttal expert was made in conjunction with the motion to schedule the deposition, thus tempering any prejudice from delay claimed by Defendants.

Defendants rely heavily upon *Moroughan v. Cty. of Suffolk,* 320 F. Supp. 3d 511 (E.D.N.Y. 2018) in opposition to Plaintiff's motion to reopen discovery.  This reliance is misplaced, not only did the court in *Moroughan* grant the motion to reopen discovery, that action did not involve a motion to reopen discovery solely to allow expert testimony, which is critical because, as described above, the sanction of precluding expert testimony is a drastic remedy. Because of the procedural posture of this action, the Court cannot label Plaintiff's conduct a "callous disregard of the Federal Rules of Civil Procedure" nor has Defendants argued that Plaintiff's conduct constitutes flagrant bad faith.  Therefore, the testimony of Plaintiff's rebuttal expert shall not be excluded.

Third, Plaintiff argues that "Defendants will suffer little or no prejudice as a result of re-opening discovery for this limited purpose because Defendants previously agreed to continue expert discovery after resolution of the summary judgment motion."  Pl. Mot. at 2.  Defendants, on the other hand, argue that "[t]o permit Plaintiff's newly hired counsel to explore new strategies at this late hour will financially prejudice  Defendants. Among other things, if

5

Plaintiff's motion is granted, Defendants will incur additional costs to depose Plaintiff's expert and prepare counter evidence to rebut her rebuttal." Def. Opp. at 2. The Court agrees that allowing Plaintiff to disclose a rebuttal expert will cause some prejudice to Defendants. "However, courts in the Second Circuit addressing this issue 'have stated that any prejudice to the opposing party can be alleviated by allowing them to depose the expert prior to trial.'" *Associated Elec. Gas Ins. Servs. v. Babcock & Wilcox Power Generation Grp., Inc.*, No. 11-CV-715, 2013 U.S. Dist. LEXIS 152775, 2013 WL 5771166, at *6 (D. Conn. Oct. 24, 2013) (citing, *e.g., Lab Crafters*, 2007 U.S. Dist. LEXIS 99079, 2007 WL 7034303, at *8); *see Mahoney v. Keyspan Corp.*, No. 04-CV-0554, 2007 U.S. Dist. LEXIS 41214, 2007 WL 1651853, at *2 (E.D.N.Y. June 6, 2007) (holding that "there is minimal prejudice to plaintiff since there is sufficient time to allow plaintiff to depose Dr. Zaumeyer and submit a rebuttal report if plaintiff wishes").

Moreover, because a trial date is not until May 2021, Defendants will have sufficient time to depose the rebuttal expert and to hire their own rebuttal expert(s) should they wish to do so. *Giordano*, 2007 U.S. Dist. LEXIS 88016, 2007 WL 4233002, at *4, n.2; *see Mahoney*, 2007 U.S. Dist. LEXIS 41214 ("Although defendant's disclosure of its expert report was well past the discovery deadline here, there is ample time before trial to cure any prejudice plaintiff would otherwise suffer").

Defendants also argue that the additional cost will prejudice Defendants. "While it is true that the additional discovery may increase costs, the likely additional costs associated with one additional expert issue in light of the total expenses incurred to date in this case are not disproportionate to the needs of the case." *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 60 (S.D.N.Y. 2019). Moreover, the prejudice to Defendants' resulting from increased costs

associated with the designation of a rebuttal expert can be overcome by requiring Plaintiff to bear the costs associated with the deposition of Plaintiff's rebuttal expert. *See Pagliaro v. Stevens Transp., Inc.,* No. 10-CV-268, 2011 U.S. Dist. LEXIS 73282, 2011 WL 2671567, at *1 (S.D.N.Y. July 6, 2011) ("Courts in this Circuit faced with situations where a party has clearly erred in relation to their expert report but would be highly prejudiced by the exclusion of that expert's testimony have held that the appropriate solution is to allow the responsible party to cure the error, but to require that party to bear any additional costs incurred by their opponent as a result.").

The final factor to be considered is whether the requested discovery is likely to lead to relevant evidence. Defendant argues that "[s]ince the expert is already bound by the contents of the report, evidence beyond what is contained in the report is irrelevant." Def. Opp. at 3. Plaintiff argues, on the other hand, that the rebuttal expert "will provide to the Court a more complete picture of damages in this action." Pl. Mot. at 3.

Federal Rule of Civil Procedure 26 governs rebuttal experts and allows expert testimony "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). "Rebuttal evidence is properly admissible when it will explain, repel, counteract or disprove the evidence of the adverse party." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016) (quotation marks omitted). As such, the Court finds that reopening discovery to permit Plaintiff to designate a rebuttal expert is likely to lead to evidence relevant to the damages in this action.

Having considered the relevant factors, the Court finds that discovery should be reopened for a limited purpose. Although Plaintiff was not diligent in designating a rebuttal expert the trial date of May 2021 allows sufficient time to complete the discovery and "the only possible

prejudice to [Defendants] would be the cost and delay required to depose an . . . expert witness." *Sci. Components Corp.*, 2008 U.S. Dist. LEXIS 92703, 2008 WL 4911440, at *5. "[S]uch prejudice [does] not outweigh the other factors," including the likelihood the proposed discovery would lead to relevant evidence. *Id.*

In short, while the Court does not condone Plaintiff's delay in designating a rebuttal expert, the circumstances of this case do not warrant the "drastic remedy" of preclusion. *See, e.g., Sci. Components Corp.*, 2008 U.S. Dist. LEXIS 92703, 2008 WL 4911440, at *4; *see generally Valentin v. Cty. of Suffolk*, 342 F. App'x 661, 662 (2d Cir. 2009) (summary order) ("The district court recognized that defendants' late disclosure of their expert violated its expert discovery deadline. But rather than preclude the testimony, the court opted to impose the lesser sanction of requiring defendants to produce their expert for a deposition at Valentin's request. The court's decision to impose a less drastic sanction than preclusion was within its discretion."). Here, the Court will allow discovery to be reopened for the limited purpose described above, however, as a sanction for Plaintiff's lack of diligence in pursing this discovery at the appropriate time Plaintiff shall bear the cost of the deposition of the rebuttal expert.

All expert discovery related to Plaintiff's rebuttal expert shall be completed no later than October 1, 2020 and Plaintiff shall bear the cost of the deposition of Plaintiff's rebuttal expert.

Dated: Central Islip, New York  
        July 2, 2020

SO ORDERED:

_____/s/_____  
ARLENE ROSARIO LINDSAY  
United States Magistrate Judge