UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DANIELLE LENZI,

                            Plaintiff,                      **ORDER**
                                                                CV 14-7509 (SJF)(ARL)
       -against-

SYSTEMAX, INC., et al.,

                            Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the Court is Defendants' motion to for an Order (1) compelling Plaintiff to pay defendants' expert, Mr. Nadel, $850 an hour for his time spent in deposition or such other hourly rate as the Court may deem reasonable and that such payment be made within 30 days of receipt of Mr. Nadel's invoice and (2) clarifying this Court's Order of July 2, 2020 which directed Plaintiff to bear the costs associated with the deposition of Plaintiff's rebuttal expert. ECF No. 82. Plaintiff opposes Defendants' motion, claiming the motion for payment of Mr. Nadel is premature because Defendants have failed to provide any of the information necessary to evaluate the relevant factors, including information which is not available at this time and arguing she is not responsible for the payment of attorney's fees in connection with the deposition of her rebuttal expert. ECF No. 83. For the reasons set forth below, Defendants' motion is denied.

      Pursuant to Rule 26(b)(4)(C), "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery." Fed. R. Civ. P. 26(b)(4)(C)(i). Courts in this District consider the following factors in determining the reasonableness of a fee:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographical area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters.

*Magee v. The Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 645 (E.D.N.Y. 1997) (internal citations omitted); *see also Mathis v. NYNEX*, 165 F.R.D. 23, 24-25 (E.D.N.Y. 1996) (listing same factors). The party seeking to be reimbursed bears the burden of demonstrating that the fee sought is reasonable. *See Reit v. Post Props.,* No. 09 Civ. 5455 (RMB) (KNF), 2010 U.S. Dist. LEXIS 119693, at *7 (S.D.N.Y. Nov. 4, 2010) (citation omitted), *see also New York v. Solvent Chem. Co.,* 210 F.R.D. 462, 471-72 (W.D.N.Y. 2002) ("[t]he party seeking reimbursement of deposition fees bears the burden of proving reasonableness. If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee").

"'While a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert.'" *Ey v. Sam's East, Inc.,* No. 17 Civ. 551 (PED)2020 U.S. Dist. LEXIS 88783, 2020 WL 2415560 (S.D.N.Y. May 12, 2020)(quoting *Grady v. Jefferson County Bd. of County Comm'rs*, 249 F.R.D. 657, 662 (D. Colo. 2008)).  The Court must keep in mind that "the underlying purpose [of the rule] is to compensate experts for their time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert work free from cost." *Goldwater v. Postmaster General*, 136 F.R.D. 337, 339 (D. Conn. 1991).  Defendants cite no authority for the proposition that Plaintiff must agree to the fee to be paid to the expert in advance of the deposition.  The Court agrees with Plaintiff that Defendants' motion to set the fee for its expert is premature and, to the extent the parties, after good faith negotiations, are unable to agree on the appropriate fee for Mr. Nadel's deposition Defendants may make a motion for fees at that time.

In connection with the costs associated with the deposition of Plaintiff's rebuttal expert, this Court ruled, that "the Court will allow discovery to be reopened for the limited purpose described above, however, as a sanction for Plaintiff's lack of diligence in pursing this discovery at the appropriate time Plaintiff shall bear the cost of the deposition of the rebuttal expert." Thus, costs were assessed as a penalty against Plaintiff, as the lesser penalty – rather than precluding the witness' testimony -- for failing to abide by Court rules over the course of this six-year litigation, and seeking to designate a rebuttal expert four years after the close of discovery.[1] Costs were assessed to Plaintiff to alleviate the prejudice to Defendants arising from Plaintiff's last-minute request to designate a rebuttal expert. This Court ordered that "[a]ll expert discovery related to Plaintiff's rebuttal expert shall be completed no later than October 1, 2020 and Plaintiff shall bear the cost of the deposition of Plaintiff's rebuttal expert." The cost of the deposition to be paid by Plaintiff shall include reasonable costs associated the expert's attendance at and preparation for the deposition, which would typically be borne by Defendants, and not defense counsel's time at the deposition.

Dated: Central Islip, New York
September 8, 2020

**SO ORDERED:**

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge

---

[1] Defendants' expert was designated and his report produced prior to the close of discovery in 2016. The first time Plaintiff mention the need for a rebuttal expert was in 2020.

3